IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CR-00118-F-1
No. 7:15-CV-00011-F

| | |
|---|---|
| CURTIS LEVI MOORE, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

This matter is before the court on Curtis Levi Moore's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-30]. The Government has filed a Response [DE-34], in which it agrees that Moore has stated a meritorious claim of actual innocence as to his felon in possession charges. The Government waives reliance on all procedural defenses, including the statute-of-limitations defense, and other affirmative defenses that might preclude relief.

**Factual and Procedural Background**

On October 15, 2008, Moore was charged with two counts of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. *See* Indictment [DE-1]. Moore pleaded guilty without a written plea agreement. On July 14, 2009, Moore was sentenced to 40 months' imprisonment on both Count One and Count Two, and it was ordered that the terms were to be served concurrently. *See* Judgment [DE-23].

Moore served his term of imprisonment and began supervision on September 2, 2011. On February 7, 2012, a Motion for Revocation of his Supervised Release [DE-27] was filed.

On January 13, 2015, Moore, through appointed counsel, filed a section 2255 motion

[DE-30]. In his motion, Moore argues that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), his sentence and convictions for being a felon in possession of a firearm should be vacated because he is actually innocent of these offenses.

## Discussion

On August 17, 2011, the Fourth Circuit Court of Appeals announced its decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), acknowledging a decades-long misapplication of the North Carolina Structured Sentencing Act[1] to determining whether a prior North Carolina conviction constitutes a "felony" for purposes of federal criminal law. The decision affects many persons convicted of felon in possession under § 922(g) by effectively eliminating their "felon" status, an essential element of that offense.

## Conclusion

In light of the record in this case, the parties' memoranda, including the Government's concessions, Moore's section 2255 motion [DE-30] is ALLOWED. Moore's Judgment [DE-23] of conviction and sentence hereby is VACATED. Moore's term of supervised release is TERMINATED, and the pending Motion for Revocation of his Supervised Release [DE-27] is DISMISSED as moot. Moore is ORDERED to be released from federal custody immediately, subject to pending detainers, if any.

SO ORDERED.

This, the 28' day of January, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[1] The Structured Sentencing Act became effective in North Carolina on October 1, 1994.